USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

No. 98-2241

 SALVATORE ANTHONY FRADELLA,

 Plaintiff, Appellant,

 v.

 RICHARD T. PETRICCA,

 Defendant, Appellee.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. Robert E. Keeton, U.S. District Judge]

 

 Before

 Torruella, Chief Judge,

 Cyr, Senior Circuit Judge,

 and Pollak, Senior District Judge.

 

 Chase A. Caro, with whom Caro & Associates, P.C., Thomas J. Butters
and Butters, Brazilian & Small, LLP were on brief for appellant.
 Kathryn W. Kyle, with whom Michael E. MacDonald and Cain, Hibbard,
Myers & Cook, P.C. were on brief for appellee.

 

 July 7, 1999
 

 CYR, Senior Circuit Judge. On December 18, 1997, an
arbitration panel convened by the National Association of
Securities Dealers (NASD) ordered appellant Salvatore A. Fradella
to pay appellee Richard T. Petricca $25,000 in compensatory
damages. In subscribing the award the arbitrators purported to act
pursuant to New York law. One month later Fradella's attorney
wrote to NASD counsel, advising that the December 18 award was
"imperfect as to form," in that "it should reflect that the
[arbitrators'] decision was made in accordance with Massachusetts,
not New York, practice." 
 On February 23, NASD counsel sent Fradella revised
signature pages, which deleted the earlier references to New York
law but continued to reflect the date of the arbitral award as
December 18, 1997. Thereafter, Fradella's attorney again wrote to
NASD counsel, advising that the date of the "final" arbitral award
should be February 23, 1998, rather than December 18, 1997. On
February 27, NASD counsel notified Fradella that the earlier date
remained in effect, and that Fradella should refer to it in any
motion to vacate the award.
 Fradella moved to vacate the award on March 25, 1998. 
See Federal Arbitration Act (FAA), 9 U.S.C. 10(a). Petricca
responded by moving for summary judgment on the ground that the
motion to vacate was seven days late. See id. 12 ("Notice of a
motion to vacate, modify, or correct an award must be served upon
the adverse party or his attorney within three months after the
award is filed or delivered."). The district court entered summary
judgment for Petricca after determining that the December 18
arbitral award was "final" because it had resolved all claims
submitted in the demand for arbitration, and the arbitrators'
subsequent correction of the award as to mere "ministerial" or
"uncontroversial" details (i.e., the ambiguity concerning choice of
law) did not impede the finality of the December 18 award.
 On appeal, Fradella first contends that the December 18
award did not become final for FAA 12 purposes, because, contrary
to the district court's characterization, the arbitrators' February
23 amendment was both substantive and substantial, rather than
"ministerial." We do not agree.
 The primary purpose served by the arbitration process is
expeditious dispute resolution. See United Paperworkers Int'l
Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 38 (1987). 
Consequently, somewhat different standards govern the finality of
judgments and arbitral awards. See Dreis & Krump Mfg. Co. v.
International Ass'n of Machinists and Aerospace Workers, 802 F.2d
247, 251 (7th Cir. 1986). Normally, an arbitral award is deemed
"final" provided it evidences the arbitrators' intention to resolve
all claims submitted in the demand for arbitration, even though the
arbitrators purport to retain jurisdiction in the event the need
arises to resolve some subsidiary matter, such as damages or
backpay calculations. See, e.g., id. (noting that unresolved
calculation of "the precise amount of backpay . . . was, therefore,
a 'ministerial' detail, such as would not have prevented the
[award] from being deemed final"). Accordingly, under the
applicable finality standard, the arbitral award to Petricca
unquestionably became "final" on December 18, since it
unambiguously determined that Fradella owed Petricca $25,000 on the
securities claim and Fradella does not contend that it left any
other "claim" unresolved.
 The one remaining question is whether either the
erroneous signature page and/or its subsequent amendment on
February 23 cast doubt upon the arbitrators' intention that the
December 18 award resolved all "claims" submitted to arbitration. 
Since the choice-of-law issue itself in no sense constituted an
arbitrable "claim," as distinguished from a subsidiary
determination regarding the legal regimen under which the
securities "claim" was to be decided, we conclude that the December
18 arbitral award finally resolved the only "claim" Petricca
submitted to arbitration i.e., the securities claim because
there is no suggestion that any counterclaim or affirmative defense
remained undecided.
 In all events the finality vel non of the arbitral award
itself could not have been affected by any mistaken indication as
to the governing law. Were such alleged subsidiary "mistakes"
sufficient to divest an arbitral award of its finality, the running
of the limitations period prescribed in FAA 12 could be postponed
or suspended indefinitely. In the process, the "finality" test
applicable to arbitral awards would be severely undermined, along
with the central purpose served by arbitration proceedings.
 That is to say, if the limitations period prescribed in
FAA 12 were subject to suspension simply because an arbitral
award contained error, even though the arbitrators had intended to
resolve all submitted "claims," an unsuccessful party could
preclude the commencement or suspend the running of the
limitations period simply by alleging subsidiary errors in their
FAA 10 motions to vacate an adverse arbitral award. Thus, the
contention that mere error whether ministerial, procedural or
substantive renders an arbitral award non-"final" is fatally
flawed.
 As the present appeal demonstrates, see supra note 3, the
finality standard suggested by Fradella would immerse reviewing
courts in highly subjective, ad hoc assessments as to which
arbitral errors are sufficiently "important" to preclude or suspend
the running of the limitations period under FAA 12. Clearly,
however, the parties to arbitration proceedings need reliable
guidelines to enable timely compliance with the FAA 12
limitations period. See International Ass'n of Bridge, Structural
and Ornamental Iron Workers v. Burtman Iron Works, Inc., 928 F.
Supp. 83, 89 (D. Mass. 1996)("[T]he court is unpersuaded that the
distinction between ministerial tasks and significant issues
provides a sufficiently clear guide for determining whether a
vacatur action has accrued."). It is not surprising, therefore,
that Fradella cites no authority for the finality standard he
advocates, since it would run directly counter to the dominant
policy goal of the FAA: promoting the expeditious and final
resolution of arbitral claims. As the arbitrators plainly
intended, their December 18 award resolved the securities claim
submitted against Fradella, and the three-month limitations period
commenced running immediately upon entry of the arbitral award.
 Next, Fradella argues that even if the award became
"final" upon entry, federal law conclusively establishes that an
application to modify or clarify an arbitral award tolls the FAA 
12 limitations period. We reject this contention as well, since
the authorities cited in support are clearly inapposite.

 Finally, Fradella suggests that the filing deadline in
FAA 12 is subject to equitable or "due diligence" tolling. 
Normally, a statutory limitations period is tolled only if, for
example, extraordinary circumstances beyond the claimant's control
prevented timely filing, or the claimant was materially misled into
missing the deadline. See, e.g., Alvarez-Machain v. United States,
107 F.3d 696, 701 (9th Cir. 1996), cert. denied, 118 S. Ct. 60
(1997). We need not consider whether the deadline prescribed in
FAA 12 is subject to such equitable tolling, since Fradella has
not generated a trialworthy issue as to his entitlement to invoke
tolling.
 Fradella was not victimized by fate or wile. No
statutory or judicial authority supported his contention that the
December 18 award was other than "final," nor that his application
to correct the award tolled the FAA 12 limitations period. See,
e.g., International Ass'n, 928 F. Supp. at 86-87 ("Nor does a party
moving for reconsideration of an arbitration award toll the running
of the limitations period.") (citing Dreis); supra note 4. Rather,
in the application to correct the arbitral award, Fradella directly
stated that the December 18 award was "imperfect as to form," and
flatly conceded that the arbitrators had in fact applied
Massachusetts law (i.e., "the [arbitrators'] decision was made in
accordance with Massachusetts, not New York, practice"). (Emphasis
added.) Moreover, in a February 27, 1998 letter, NASD counsel
explicitly alerted Fradella's counsel that the official date of the
arbitral award remained December 18, 1997, notwithstanding its
subsequent correction on February 23, and that Fradella "should
refer to the earlier date when [filing his] Motion to Vacate." 
Thus, neither the NASD nor Petricca misled Fradella in any
respect. The decision to delay the motion to vacate was made by
Fradella.
 AFFIRMED; costs to defendant-appellee.